ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
DONNA M. WITTIG, ESQ.
Nevada Bar No.11015
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  ariel.stern@akerman.com
           donna.wittig@akerman.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>                              Plaintiff,<br>vs.<br><br>MAR-A-LAGO HOMEOWNERS ASSOCIATION; MICHAEL J. AIELLO; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>                              Defendants. | Case No.:      2:15-cv-01315<br><br>**COMPLAINT** |

Plaintiff Nationstar Mortgage LLC (**Nationstar**) complains as follows:

**PARTIES AND JURISDICTION**

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.  Nationstar is a citizen of Delaware and Texas and none of the defendants is a citizen of Delaware or Texas.  The amount in controversy exceeds $75,000.

2.      Defendant Mar-A-Lago HOA (**HOA**) is a Nevada non-profit corporation.  Nationstar is informed and believes and therefore alleges HOA is the purported beneficiary under an alleged homeowners' association lien dated April 12, 2010.  Nationstar is informed and believes and therefore alleges HOA foreclosed on the lien on March 15, 2011.

{32793677;1}

1

3. Defendant Michael J. Aiello (**Aiello**) is, on information and belief, a citizen of Nevada. Nationstar is informed and believes and therefore alleges Aiello purchased the property at the HOA foreclosure sale, acquiring title via a Trustee's Deed Upon Sale dated March 16, 2011.

4. Does I through X, inclusive (the **Doe Defendants**), are individuals who may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Nationstar may seek leave to amend this complaint to reflect the true names and identities of the Doe Defendants when known.

5. Roe Corporations I through X, inclusive (the **Roe Defendants**), are corporate entities that may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Nationstar may seek leave of Court to amend this complaint to reflect the true names and identities of the Roe Defendants when known.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Nationstar is a Delaware limited liability company. Nationstar's members are Nationstar Sub1 LLC (**Sub1**) and Nationstar2 LLC (**Sub2**). Both Sub1 and Sub2 are Delaware limited liability companies. Sub1 and Sub2 are both wholly-owned by Nationstar Mortgage Holdings, Inc. (**NSM**). NSM is a corporation formed pursuant to the laws of the State of Delaware with its principal place of business located in Lewisville, Texas. Nationstar is a citizen of the States of Delaware and Texas for purposes of diversity of citizenship. The diversity of citizenship requirement is met. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014). Defendants, HOA and Aiello are on information and belief not citizens of Delaware or Texas. The amount in controversy requirement is met. Nationstar seeks a declaration that its deed of trust, which secures a loan with a principal balance of $136,389.52, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for Aiello's claim to title to the real property sub judice.

{32793677;1}

7. Venue is proper in this court under 28 U.S.C. §1391. The property that is the subject of this action is located at 3150 Soft Breezes Dr., #2007, Las Vegas, NV 89128 (**the property**). Venue is proper in this court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

## GENERAL ALLEGATIONS

8. Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

9. When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

10. Nevada Revised Statute Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowner's association to conduct a non-judicial foreclosure when the unit owner fails to pay its monthly assessments.

11. Nevada Revised Statute 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

### The Deed of Trust and Assignment

12. On or about June 18, 2007, Paul Kover II (**Borrower**) obtained a loan from Aegis Wholesale Corporation in the amount of $132,000.00, which was secured by a deed of trust (the **senior deed of trust**) recorded against the property on June 21, 2007. A true and correct copy of the

{32793677;1}

3

senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 200706210001264**.

13. The senior deed of trust was assigned to U.S. Bank, National Association as Trustee for the Certificateholders of the LXS 2007-16N Trust Fund via an assignment of deed of trust recorded on July 26, 2011. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 201107260002334**.

14. The senior deed of trust was later assigned to Nationstar via an assignment of deed of trust recorded on November 13, 2013. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 201311130002104**.

15. The Borrower has defaulted under the terms of the note and senior deed of trust by failing to make all payment due.

16. The unpaid principal balance due on the loan exceeds $136,389.52. The total amount due will continue to increase pursuant to the note and senior deed of trust.

17. Although Nationstar has demanded the Borrower pay the amounts due under the loan, the Borrower has failed and refused to do so, and continues to fail and refuse to do so.

18. Nationstar intends to foreclose under the senior deed of trust to recover some or all of the amounts owed as a result of the Borrower's failure to repay the loan. However, the HOA's foreclosure and purported deed to has placed a cloud on Nationstar's deed of trust.

### The HOA Lien and Foreclosure

19. Upon information and belief, the Borrower failed to pay HOA all amounts due to it. On April 12, 2010 HOA, through its agent, Absolute Collection Services, LLC (**HOA Trustee**) recorded a notice of delinquent assessment lien. Per the notice, the amount due to the HOA was $1,438.07, but the notice does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 201004120001711**.

{32793677;1}

4

20. On July 23, 2010, HOA, through its agent HOA Trustee, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice states the amount due to the HOA was $2,867.59, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201007230000870**. The notice of default also does not specify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

21. On October 28, 2010, HOA, through its agent HOA Trustee, recorded a notice of trustee's sale. The trustee's sale was scheduled for December 7, 2010. The notice states the amount due to the HOA was $4,403.05. A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201010280002538**. The notice of sale does not identify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

22. In none of the recorded documents nor in any notice did HOA and/or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount or the consequences for failure to do so.

23. In none of the recorded documents did HOA and/or its agent identify the amount of the alleged lien that was for late fees, interest, fines/violations or collection fees/costs.

24. In none of the recorded documents nor in any notice did HOA and/or its agent specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

25. In none of the recorded documents nor in any notice did HOA and/or its agent specify the senior deed of trust would be extinguished by the HOA foreclosure.

26. In none of the recorded documents nor in any notice did HOA and/or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of HOA's claimed lien.

{32793677;1}

27. HOA foreclosed on the property on or about March 15, 2011. A trustee's deed upon sale in favor of Aiello was recorded on March 16, 2011. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 201103160002145**.

28. According to the language of the trustee's deed, Aiello purchase the property at the HOA foreclosure sale for $5,900.01. HOA's sale of the property to Aiello for less than 4% of the unpaid principal balance of the loan secured by the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

## FIRST CAUSE OF ACTION

### (Quiet Title/Declaratory Judgment against Aiello)

29. Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

30. Pursuant to 28 U.S.C. § 2201, this court is empowered to declare the rights of parties and other legal relations of parties regarding the property at issue.

31. An actual controversy has arisen between Nationstar and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the March 15, 2011 HOA foreclosure sale, Aiello claims an interest in the property, and on information and belief, asserts that he owns the property free and clear of the senior deed of trust.

32. Nationstar's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

*NRS Chapter 116 Violates Nationstar's Right to Procedural Due Process*

33. Nationstar asserts that Chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates Nationstar's procedural due process rights under the state and federal constitutions.

{32793677;1}

34. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect Nationstar from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

35. Nationstar asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

36. The state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for Nationstar's deed of trust apply, to wit:

    a) The super priority lien did not exist at common law, but rather is imposed by legislative fiat.

    b) Nevada's legislature made super priority mandatory and it could not be altered by private contract.

    c) The super priority lien has no nexus whatsoever to a private agreement between the HOA and Nationstar, but, again, is imposed by legislative enactment.

37. Since state of Nevada is responsible for the creation of the super priority lien and has made it mandatory, then the state of Nevada's HOA super priority can fairly be said to be the result of state action subject to procedural due process safeguards.

38. On its face, Nevada's scheme of non-judicial HOA super priority foreclosure lacks any pre or post deprivation methods of providing Nationstar with notice and an opportunity to be heard:

    a) NRS 116.31162 and NRS 116.311635 do not require that an HOA provide Nationstar with written notice of the sum that constitutes the super priority portion of the assessment lien.

    b) Chapter 116 of NRS seeks to compel Nationstar to pay the entirety of the HOA's lien, but does not provide HOA with any procedure for reimbursement to Nationstar.

{32793677;1}

7

1   c) Chapter 116 of NRS seeks to insulate its scheme of super priority non-judicial foreclosure by providing a purchaser at an HOA foreclosure sale with title that is not subject to equity or right of redemption.

d) Chapter 116 of NRS fails to provide Nationstar with a statutorily enforceable mechanism to compel an HOA to inform Nationstar of the sum of the HOA super priority amount.

e) Chapter 116 of NRS fails to provide Nationstar with a private right of action before the foreclosure to contest the HOA's failure to provide it with constitutionally mandated notice of the super priority sum and a right to challenge the HOA's calculation of that sum.

f) Chapter 116 of NRS fails to provide Nationstar with a private right of action after the foreclosure to contest the HOA's failure to provide it with constitutionally mandated notice of the super priority sum.

39.   Nationstar requests that this Court set aside the HOA foreclosure sale because NRS 116's scheme of HOA super priority foreclosure violates the procedural process clauses of The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

40.   The HOA sale did not extinguish the senior deed of trust for additional reasons stated below.

41.   The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component;

{32793677;1}

42. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper perspective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for the HOA, it's agent and Aiello at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place.

43. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Nationstar's rights to due process, as a result of HOA's failure to provide sufficient notice of the super-priority component of HOA's lien, the manner and method to satisfy it, and the consequences for failing to do so.

44. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Nationstar's rights to due process, as a result of HOA's improper calculation of the super-priority component and its inclusion of charges that are not part of the super-priority lien under Nevada law.

45. The foreclosure sale did not extinguish the senior deed of trust because Aiello does not qualify as a bona fide purchaser for value, because he was aware of, or should have been aware of, the existence of the senior deed of trust and the commercial unreasonableness of the HOA sale.

46. Nationstar is entitled to a declaration, pursuant to 28 U.S.C. § 2201 and NRS 40.010, the HOA sale did not extinguish the senior deed of trust.

47. Nationstar was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

{32793677;1}

9

## SECOND CAUSE OF ACTION

**(Breach of NRS 116.1113 against HOA)**

48. Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

49. NRS § 116.1113 provides that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

50. HOA undertook a duty to identify the super-priority amount to lenders and loan servicers like Nationstar, to tell it that its security interest was at risk, and to provide an opportunity to satisfy the super-priority amount to protect its security interest in the property.

51. HOA breached its duty of good faith by not identifying the super-priority amount of its lien for Nationstar, by not notifying Nationstar that its security interest was at risk, and by obstructing Nationstar's ability to protect its security interest in the property.

52. If it is determined HOA's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, HOA's breach of its obligation of good faith will cause Nationstar to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

53. Nationstar was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**(Wrongful Foreclosure against HOA)**

54. Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

{32793677;1}

55. To the extent defendants contend or the court concludes HOA's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

56. Because HOA failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

57. Because HOA sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

58. Because HOA violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

59. If it is determined HOA's foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, HOA's actions will cause Nationstar to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the sale, whichever is greater.

60. Nationstar was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**(Injunctive Relief Against Aiello)**

61. Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

62. Nationstar disputes Aiello's claim that he owns the property free and clear of the senior deed of trust.

{32793677;1}

63. Any sale or transfer of the property by Aiello, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

64. Nationstar has a substantial likelihood of success on the merits of the complaint, for which compensatory damages would not compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

65. Nationstar has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

66. Nationstar is entitled to a preliminary injunction prohibiting Aiello, or his successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

67. Nationstar is entitled to a preliminary injunction requiring Aiello to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

## **PRAYER FOR RELIEF**

Nationstar requests the Court grant the following relief:

1. To determine that Aiello purchased the property subject to Nationstar's senior deed of trust;

2. An order declaring that Aiello purchased the property subject to Nationstar's senior deed of trust; and (b) alternatively, Nationstar asks the Court to declare that the HOA foreclosure sale was commercially unreasonable, in violation of NRS §116.1113, and void ab initio because a sale of the property for $5,900.01 free and clear of Nationstar's senior deed of trust shocks the conscience such that Aiello is not a bona fide purchaser for value; and the HOA's foreclosure sale to Aiello is void pursuant to the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution;

{32793677;1}

3. In the alternative, an order requiring HOA to pay Nationstar all amounts by which it was damaged as a result of HOA's wrongful foreclosure and/or violation of the good faith provisions of NRS § 116.1113;

4. A preliminary injunction prohibiting Aiello, his successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5. A preliminary injunction requiring Aiello to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

6. Reasonable attorneys' fees as special damages and the costs of suit; and

7. For such other and further relief the Court deems proper.

DATED July 10, 2015.

**AKERMAN LLP**

/s/ Ariel E. Stern
Ariel E. Stern, Esq.
Nevada Bar No. 8276
Donna M. Wittig, Esq.
Nevada Bar No. 11015
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Plaintiff*

{32793677;1}