UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff(s),<br><br>vs.<br><br>MAR-A-LAGO HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:15-cv-01315-APG-NJK<br><br>ORDER<br><br>(Docket No.10) |

Pending before the Court is Plaintiff's motion for an order deeming service of process valid, or alternatively, enlarging time for service of process. Docket No. 10. For the reasons discussed below, the Court hereby **DENIES** Plaintiff's motion.

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court must extend the 120-day Rule 4(m) deadline if the serving party shows good cause for failure to serve within 120 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party does not show good cause, the Court has discretion to extend time for service or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court's

discretion to extend time for service or to dismiss without prejudice for failure to timely serve is broad. *Id*. The Court may extend time for service even after the 120-day period expires. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

When a defendant is not timely served, the serving party bears the burden of demonstrating good cause for the delay. Fed.R.Civ.P. 4(m); *see also Boudette v. Barnette*, 923 F.2d 754, 755–56 (9th Cir. 1991). Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id*. "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, Plaintiff filed its Complaint on July 10, 2015. Docket No. 1. Between, July 13 and 16, 2015, Plaintiff unsuccessfully attempted to serve Defendant Aiello four times at an address that it believed was Defendant Aiello's address. Docket No. 10 at 2. On November 9, 2015, the Rule 4(m) deadline expired without Plaintiff having moved to extend it. That same day, the Court's Clerk informed Plaintiff that its claims against Defendant Aiello would be dismissed. Docket No. 8. On November 11, 2015, Plaintiff served a summons and compliant on Lulu Aiello, who is allegedly Defendant Aiello's wife or co-resident, at a different address. Docket No. 9 at 1. On January 19, 2016, Plaintiff filed the motion that is presently before the Court. Docket No. 10.

The Court finds that Plaintiff has failed to demonstrate it was diligent in attempting to serve Defendant Aiello. Although Plaintiff describes in detail the efforts it took related to service of Defendant Aiello, Plaintiff offers no explanation as to why it did not move to extend the Rule 4(m) deadline before it expired. *Panliant Fin. Corp. v. ISEE3D, Inc.*, 2015 WL 273578, at *3 (D. Nev. Jan. 16, 2015) (finding failure to offer an "explanation as to why they did not move to extend the service deadline" undermined Plaintiffs' claims of diligence). Further, Plaintiff fails to explain how it diligently attempted to effectuate service on Defendant Aiello between July 16, 2015, and November 11, 2015, or why it waited until after the Rule 4(m) deadline to serve Defendant Aiello at a different address. Finally, Plaintiff does not address why, when Defendant Aiello was allegedly served on November 11, 2015, it waited until January 20, 2016, to file the instant motion.

Accordingly, the Court **DENIES** Plaintiff's motion without prejudice. Any renewed motion must address the Court's concerns, and shall be filed no later than January 27, 2016.

IT IS SO ORDERED.

DATED: January 20, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge